ROBERT L. BLAND, Judge.
On the 13th day of October, 1942, by authority of chapter 117 of the Acts of the Legislature of the state of West Virginia, *19 1941, regular session, claimant R. J. Thrift, Jr., was duly appointed a deputy commissioner of forfeited and delinquent lands for Fayette county, West Virginia, by Edgar B. Sims, the state auditor, as ex officio commissioner of forfeited and delinquent lands of West Virginia. He maintains that as such deputy commissioner he made and completed "basic” abstracts of title on six hundred and sixty-two separate and distinct tracts and parcels of property, of which number thirty-two tracts were abstracted completely. Pursuant to his appointment as such commissioner, claimant applied to the circuit court of Fayette county, West Virginia, on November 2, 1942, for an order fixing the date of sale and the date of first publication of the list and notice of sale as was provided by said act, and on that date secured the entry of an order of said court setting the date of sale for January 25, 1943, and the date of first publication for November 12, 1942. Prior to the sale ninety-four tracts were redeemed from the deputy commissioner and two tracts were suspended from sale, leaving a total of seven hundred and forty-seven tracts which claimant offered for sale on January 25 and 26, 1943. Of this total number seventy-five tracts were sold to individuals and six hundred and seventy-two tracts were sold to the public land corporation of West Virginia. Ten of these tracts sold to the public land corporation were redeemed by the owners before any abstracts thereof were made by the deputy commissioner.
Claimant says that he performed said work in good faith and under authority of the statute of West Virginia in effect at that time. ' He maintains that said statute provided in effect that he should be paid $5.00 for each abstract completed, which would entitle him to the sum of $160.00 for the thirty-two abstracts completed, and that in addition to those completed he made “basic” abstracts on six hundred and sixty-two additional tracts of property in complete good faith and under authority of the statutes of West Virginia in effect at that time, and that for such work he should be entitled to a minimum of one-half of the fee allowed for completed abstracts, which would entitle him to an additional fee of $1575.00, which together with the *20 said $160.00 would entitle him to the gross payment of $1735.00 for work and labor performed. Claimant contends that all of this work was done and completed about one week prior to March 26, 1943, on which date the Supreme Court of the state of West Virginia held the act above mentioned and under which he performed his services to be unconstitutional. He says that he has been paid nothing, directly or indirectly, for his said services. He asks that his claim for the sum of $1735.00 for work and labor done as deputy commissioner of forfeited and delinquent lands of Fayette county, prior to March 19, 1943, be allowed, approved and confirmed and that the same be recommended to the Legislature for appropriation and approval.
The attorney general has moved to dismiss the claim on the following grounds:
"(1.) That the facts and allegations of Claimant’s petition do not state a valid cause of action on a claim sufficient in law against respondent or the state within the meaning of chapter 20, Acts of the Legislature, 1941, known as the State Court of Claims law:
"(2.) No liability exists against the state since claimant is not entitled to compensation for services rendered under an unconstitutional statute.”
In the case of Sims, Auditor, et al v. Fisher, Judge, decided March 26, 1943, reported in 25 S. E. 2nd series, page 216, 125 W. Va. 512, the Supreme Court of Appeals of West Virginia determined that the provisions of the statute under which claimant contends that he performed services "... with reference to the creation of the office of commissioner of forfeited and delinquent lands, and his deputies in the several counties of the State, and for the certification of delinquent and forfeited lands to the circuit courts of the counties, and which provide the method by which lands may be redeemed from the deputy commissioners, are valid exercises of legislative powers ...” *21 but held “ . . . the act unconstitutional, first, so far as it fails to provide for a judicial ascertainment, prior to any order of sale, that lands proceeded against are, in fact, subject to sale; and, second, because as the act now stands it attempts to impose upon circuit courts administrative powers, in connection with such sales, in violation of the several constitutional provisions ...” partcularly referred to in the opinion.
Section 33, article 4, chapter 117, enacted by the Legislature of 1941, reads as follows:
“Immediately after the sale the deputy commissioner shall, as to each sale of forfeited or delinquent land to the public land corporation, proceed with the examination of title and with preparation of the list of persons to be served with notice to redeem. Before the sale may be confirmed, he must complete the list and apply to the circuit court or judge for an order directing the clerk to prepare and serve the notice as provided in sections thirty-seven and thirty-eight of this article. For such services in respect to each sale, the deputy commissioner shall be entitled to a fee of five dollars, plus such additional compensation as the auditor may recommend and the court or judge approve, to be paid out of the operating fund for the land department in the auditor’s office.” (Italics ours.)
This statute makes no express provision for the payment of compensation for “basic” abstracts. It does not expressly provide for the payment of a fee of five dollars for a completed abstract and other services to be performed. It is true that it does provide that for all of the services therein directed to be performd by a deputy commissioner of forfeited and delinquent lands he shall be entitled to a fee of five dollars and such additional compensation as the auditor may recommend and the court or judge approve. It is not contended by claimant that he did more than make basic abstracts on 662 tracts of land and complete abstracts on 32 parcels of that number. Claimant maintains that he was engaged approximpately two months in performing the services and doing the work for which he claims *22 in this case an award should be made in his favor of $1735.00. He says that none of his abstracts or data have been furnished to the auditor as ex officio commissioner of forfeited and delinquent lands. When asked, ‘Was this data turned over to the auditor?” claimant replied, “No, sir, and it won’t be until I get paid for it. Until I am paid for it it is my own personal property.” When asked if he had been paid any fees or commissions as deputy commissioner, he answered, “I have, but not for this particular work.” We presume that he had reference to the sum of one dollar paid to him for every tract certified to the circuit court of the county of his appointment, as provided by section 5, article 4, of the statute. Since 747 tracts were offered for sale, 2 suspended from sale and 94 redeemed, making a total of 843, it is assumed that claimant has already been paid that much money, even though he may not have been paid any additional compensation for the partial work done by him under section 33 of article 4, chapter 117.
We have no hesitation in expressing the opinion that there can be no valid cause of action against the state. There may however, be meritorious claims prosecuted for which appropriations should properly be made against the state as a sovereign commonwealth. We are not prepared to concede that a claim against the state is synonymous with a cause of action. There is much authority to sustain the proposition that no liability exists for services performed under an unconstitutional statute. 43 Am. Jur. section 341, at page 135. We deem it unnecessary to make further citation. We are of opinion, however, that under circumstances where services have been rendered in good faith under a statute subsequently declared to be unconstitutional compensation could properly be made.
We have examined what are called “basic abstracts” in this case as well as an original completed abstract. In view of the determination which we have concluded to make of this claim we deem it unnecessary to discuss whether or not these abstracts, basic and complete, are of any or such value to the state or to the public land corporation as would warrant and justify this *23 court in making a recommendation to the Legislature for an appropriation such as that prayed for in claimant’s petition. In our judgment compensation for duties performed and services rendered by a deputy commissioner of forfeited and delinquent lands is payable out of the operating fund for the land department in the auditor’s office. Section 33, article 4, chapter 117, Acts of the Legislature of West Virginia, 1941.
An award is denied and the claim dismissed.